Opinion issued August 16, 2016.



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-09-00328-CV

_____

**SAMSON LONE STAR LIMITED PARTNERSHIP, N/K/A SAMSON LONE STAR, L.L.C., Appellant/Cross-Appellee**

**V.**

**CHARLES G. HOOKS, III, INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF CHARLES G. HOOKS, JR., AS TRUSTEE OF THE SCOTT IRA MCKEEVER TRUST AND THE DAVID WAYNE MCKEEVER TRUST, AND ON BEHALF OF CHAS. G. HOOKS & SON, A GENERAL PARTNERSHIP, MCKEEVER PARTNERSHIP, LTD., AND CHARLES G. HOOKS III AND SUE ANN HOOKS, AS CO-TRUSTEES UNDER THE WILL OF CHARLES G. HOOKS, SR.,** Appellees/Cross-Appellants

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Court Case No. B173008B**

**SUPPLEMENTAL OPINION**

In our opinion dated March 15, 2016, we suggested a remittitur of $2,620,475.50 in unsupported fraud damages. We stated that if the appellees and cross-appellants, Charles G. Hooks, III, Individually and as Independent Executor of the Estate of Charles G. Hooks, Jr., as Trustee of the Scott Ira McKeever Trust and the David Wayne McKeever Trust, and on behalf of Chas. G. Hooks & Son, a General Partnership, McKeever Partnership, Ltd., and Charles G. Hooks III and Sue Ann Hooks, as Co-Trustees under the Will of Charles G. Hooks, Sr. (collectively, "Hooks"), filed such remittitur within twenty days, we would modify the trial court's judgment and affirm as modified.

On March 29, 2016, Hooks timely filed a consent to the remittitur and asked the Court to modify the trial court's judgment consistent with our opinion in this matter. Accordingly, we vacate our judgment, but not our opinion, dated March 15, 2016, and modify the trial court's judgment to delete $766,626.85 in "unpooling" damages; delete $2,620,475.50 in fraud damages representing the formation-production damages and their associated late charges; modify the amount of most-favored-nations damages to $431,450.71, consistent with the parties' stipulation; and modify the post-judgment interest rate to reflect an 18% rate for past-due royalties (i.e., the most-favored-nations damages) and a 5% interest rate for other recoveries. *See* TEX. R. APP. P. 46.3 (providing that court of appeals may suggest remittitur and if remittitur is timely filed, court must reform and affirm trial court's

2

judgment in accordance with remittitur). We further affirm the trial court's judgment as modified. *See id.* This Court's opinion of March 15, 2016, otherwise remains in effect.



Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

3